UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Aaron Tracy,<br>Plaintiff,<br>v.<br><br>JW Aluminum Company,<br>Defendant. | CASE NO.: 2:24-cv-06398-RMG-MHC<br><br>**COMPLAINT**<br>**(Jury Trial Requested)** |

The Plaintiff complaining of the Defendant would show unto this Honorable Court as follows:

## JURISDICTION AND VENUE

1. This suit is brought, and jurisdiction lies pursuant to §107 (a) of the Americans with Disabilities Act (42 U.S.C. §12117) (hereinafter "ADA") and violations of the Family and Medical Leave Act ("FMLA"), 29 U.S.C. §2601, *et. seq*.

2. All conditions precedent to jurisdiction under §706 of Title VII, 42 U.S.C. §2000e-5, have occurred or been complied with.

   a. A charge of employment discrimination on basis of disability discrimination was filed by the Plaintiff with Equal Employment Opportunity Commission ("EEOC").

   b. Notice of the Right to Sue was received from EEOC on or about August 16, 2024.

   c. This Complaint has been filed within the 90 days of receipt of the EEOC's Notice of the Right to Sue.

3. This court has jurisdiction to hear and determine this matter pursuant to 28 U.S.C. §1331 (federal question).

4. The Defendant owns and operates a business in this judicial district and all of the events or omissions giving rise to the claim occurred in this judicial district. Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

5. The Plaintiff, Aaron Tracy, is a citizen and resident of South Carolina, and lives in Berkeley County, South Carolina.

6. The Defendant, JW Aluminum Company, is upon information and belief, is a foreign corporation organized in the State of Delaware, and operating under the laws of the State of South Carolina located in this judicial district.

7. All discriminatory employment practices alleged herein were committed within the State of South Carolina.

8. Defendant is a "person" within the meaning of the Americans with Disabilities Act ("ADA").

9. The Defendant is a "person" within the meaning of the Family and Medical Leave Act ("FMLA").

10. Defendant employs fifteen (15) or more employees and is an "employer" within the meaning of §101(5)(a) of the ADA U.S.C. §12111(5)(A).

11. The Defendant employs fifty (50) or more employees and are an "employer" within the meaning of the FMLA.

12. The Plaintiff is entitled to the protections of the Family and Medical Leave Act (FMLA) on account of his own serious health condition, as well as his need for and use of medical leave protected by the act.

13. The Defendant is an industry that affects commerce within the meaning of the Americans with Disabilities Act and the Family and Medical Leave Act.

14. The parties, subject matter and all things and matters hereinafter alleged are within the jurisdiction of this Court.

## STATEMENT OF FACTS

15. In or around May 2022, Plaintiff began working for the Defendant as a Reliability Technician. At all times, the Plaintiff was efficient and effective in his work.

16. On or about May 1, 2023, Plaintiff notified Defendant that he had been diagnosed with Chronic Anemia and requested accommodations for brief intervals off of work to receive his infusions.

17. Plaintiff was granted accommodation and intermittent FMLA in order to receive his infusions.

18. Plaintiff has suffered permanent medical disabilities. Plaintiff continues to suffer from medical conditions through the present time. Plaintiff is an individual with a "disability" within the meaning of §3(2) of the Americans with Disabilities Act, 42 U.S.C. §12102(2). More particularly, Plaintiff has a physical impairment that substantially limits one or more of his major life activities and has a record of such impairment.

19. On or about June 5, 2023, Plaintiff was not feeling well, so Defendant sent him home on intermittent FMLA.

20. On or about June 6, 2023, while out on intermittent FMLA, Plaintiff was terminated from employment with Defendant.

21. At all times prior to and at the time of the incident, Plaintiff acted in a prudent and reasonable manner and in no way contributed to his termination.

22. Plaintiff is a "qualified individual with a disability" as that term is defined in §101(8) of the ADA, 42 U.S.C. §12111(8). More specifically, Plaintiff is an individual with a disability who can perform the essential functions of his job, and who requested reasonable accommodations.

23. The Plaintiff asserts that the reasons given for his termination and loss of employee benefits were a mere pretext for the discrimination against Plaintiff based on his disability and use of FMLA leave.

24. As a direct and proximate result of Defendant's discrimination on the basis of disability, Plaintiff has suffered a loss of wages, benefits, and employment opportunities.

25. Plaintiff is entitled to injunctive relief and/or civil damages from Defendant as a result of Plaintiff's employment discrimination as alleged above.

26. Due to the acts of Defendant, its agents and employees, Plaintiff is entitled to injunctive relief and/or civil damages, back wages, plus interest, payment for lost benefits, and reinstatement of benefits and front pay.

27. The acts and conduct of Defendant set forth above were against public policy and were conducted in bad faith.

28. Plaintiff is entitled to injunctive relief and/or civil damages from Defendant as a result of Defendant's retaliation as alleged above. Due to the acts of Defendant, its agents and employees, Plaintiff is entitled to injunctive relief and/or civil damages, back wages, plus interest, payment for lost benefits, and pay.

29. As a direct and proximate result of the acts and practices of Defendant in the discharge of Plaintiff from employment, the Plaintiff has suffered and continues to suffer from mental anguish, humiliation, loss of enjoyment of life, damage to Plaintiff's reputation, loss of income and other past and future losses.

30. The acts of the Defendant violated the Americans with Disabilities Act and the Family and Medical Leave Act as they were in retaliation for Plaintiff requesting accommodation and taking leave under FMLA.

**FOR A FIRST CAUSE OF ACTION**
**Violation of the Americans with Disabilities Act**

31. The Plaintiff reiterates each and every allegation above as if fully repeated herein.

32. Plaintiff is a handicapped person as defined by the Code of Laws of South Carolina, §2-7-35, as amended, and the ADA, in that he has a disability which substantially limits one or more major life activities and meets other definitions prescribed by federal law.

33. Plaintiff is guaranteed the opportunity to maintain employment without discrimination because of his disability pursuant to the American Disabilities Act and Code of Laws of South Carolina, §43-33-530, as amended.

34. Defendant has discriminated against Plaintiff, a handicapped person, without reasonable justification as prohibited by §102 of the ADA, 42 U.S.C. §12112 and the Code of Laws of South Carolina, §43-33-350, as amended.

35. Despite being a person with a disability, the Plaintiff can perform the essential functions of his job.

36. Based on Plaintiff's disability and request for accommodations, Defendant retaliated against the Plaintiff in his employment, in violation of the Act.

37. Due to the acts of the Defendant, its agents and employees, Plaintiff is entitled to, back wages, plus interest, payment for lost past and future benefits, front pay, mental anguish, emotional distress, payment of medical bills, payment of damages, attorney fees and costs.

## FOR A SECOND CAUSE OF ACTION
### Violation of the Family and Medical Leave Act

38. The Plaintiff reiterates each and every allegation above as if fully repeated herein.

39. The Plaintiff is informed and believes that upon his request, he was entitled to take leave pursuant to the Family and Medical Leave Act of 1993 (29 U.S.C. §2601, *et. seq*.) and Defendant's discipline against Plaintiff and discharge of his employment as a result of him having requested such leave is a violation of his rights under said statute.

40. The Plaintiff had to take leave because of a serious medical condition – chronic anemia – and that is a serious medical condition as defined by the Act.

41. The Defendant is a qualified "employer" subject to the said Family and Medical Leave Act and this Court has jurisdiction to enforce the provisions of said statute as it is a federal statute.

42. The Defendant's discipline against Plaintiff and discharge of Plaintiff following his notification of his medical condition and request for medical leave constituted a violation of the Family and Medical Leave Act of 1993 (29 U.S.C. §2601, *et. seq*.).

43. Defendant's actions were done willfully, maliciously, wantonly and were done recklessly in an intentional action designed to damage the Plaintiff.

44. Accordingly, Plaintiff is informed and believes that he is entitled to compensatory damages in the nature of the value of his lost wages and benefits to be doubled, front pay, together with prejudgment interest thereon, as well as liquidated damages, punitive damages and his reasonable attorney's fees and costs for the bringing of this action.

## FOR A THIRD CAUSE OF ACTION
### Retaliation

45. The Plaintiff reiterates each and every allegation above as if fully repeated herein.

46. That as alleged above, Plaintiff informed the Defendant of his disability and requested accommodations.

47. That Plaintiff's complaints were made in good faith and constituted protected activity under §107 (a) of the Americans with Disabilities Act (42 U.S.C. §12117) and violations of the Family and Medical Leave Act, 29 U.S.C. §2601, *et. seq*.

48. That shortly after requesting accommodations from the Defendant of Plaintiff's disability, and need for FMLA leave, the Defendant fired the Plaintiff, which is in violation of 42 U.S.C. §2000e-3.

49. The Defendant's stated reasons for retaliation and wrongful discharge were a mere pretext for the retaliation against Plaintiff based on his engaging in protected activity.

50. The Plaintiff's request for accommodations and use of FMLA leave were determining factors in the retaliation and wrongful discharge of Plaintiff. But for Plaintiff's request for accommodations and use of FMLA leave, he would not have been terminated.

51. The Defendant was wanton, reckless and intentional in the retaliation against the Plaintiff for engaging in protected activity.

52. That the aforesaid conduct of Defendant, its agents and servants, violates United States laws against retaliatory dismissal and was, in fact, retaliatory in nature and was in violation of §107 (a) of the Americans with Disabilities Act (42 U.S.C. §12117) and violations of the Family and Medical Leave Act, 29 U.S.C. §2601, *et. seq*.

53. In failing to protect the Plaintiff from retaliation, the Defendant acted with malice or reckless indifference to the federally protected rights set out under §107 (a) of the Americans with Disabilities Act (42 U.S.C. §12117) and violations of the Family and Medical Leave Act, 29 U.S.C. §2601, *et. seq*.

54. The Defendant violated §107 (a) of the Americans with Disabilities Act (42 U.S.C. §12117) and violations of the Family and Medical Leave Act, 29 U.S.C. §2601, *et. seq*. and the Equal Employment Opportunity Act by allowing retaliation to exist in the workplace.

55. That as a result of the above, Plaintiff has suffered damages in the form of lost back and future wages, income and benefits, expenses associated with finding other work, and has suffered

severe psychological harm, emotional distress, anxiety, depression, inconvenience, mental anguish, loss of enjoyment of life, embarrassment, humiliation, loss to professional standing, character and reputation, physical and personal injuries, and further seeks attorney's fees and costs and prejudgment interest.

56. That the Defendant's actions as set forth above were undertaken intentionally, willfully, wantonly, recklessly, maliciously and with utter disregard for the federally protected rights of the Plaintiff, and therefore Plaintiff is entitled to recover punitive damages from the Defendant.

## RELIEF REQUESTED

Plaintiff requests a judgment by this Court against Defendant as follows:

1. Judgment in favor of the Plaintiff and against Defendant for all causes of action;

2. An Order that Plaintiff be awarded the back pay he would have earned to be doubled, with related monetary benefits and interest thereon, had he been kept in his proper employment, attorney fees and costs of this action and all other remedies allowable by statute or otherwise;

3. Judgment in favor of the Plaintiff and against Defendant for front pay and any other work benefits he lost in an amount to be determined by the trier of fact;

4. An award to the Plaintiff for punitive damages in an amount to be determined at the trial of this matter;

5. An award for mental anguish, mental suffering, stress, humiliation, etc., and the medial bills related to the treatment of these conditions;

6. An award of Plaintiff's attorney fees, including litigation expenses, prejudgment interest, and the costs of this action; and

7. For such other and further relief as this Court deems just and proper and allowable remedies by statute, case law or otherwise.

**WIGGER LAW FIRM, INC.**

s/*Dominic M. Nation*
Dominic M. Nation (Fed. I.D. #14290)
Attorney for Plaintiff
8086 Rivers Avenue, Suite A
N. Charleston, SC 29406
843-553-9800

North Charleston, South Carolina
November 12, 2024